FILED

2007 Nov-05  PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

CAMILO VALLADAREZ, et al.,

_____PLAINTIFFS,

vs.                                        CASE NO. CV 07-J-1697-NE

JON GARDNER, et al.,

    DEFENDANTS.

## **MEMORANDUM OPINION**

Pending before the court is defendant City of Huntsville, Alabama's motion to dismiss, or, in the alternative, motion for more definite statement (doc. 7), defendants Jon Gardner, Greg Hayden, Christopher Hines, and Chad Reinalda's motion to dismiss (doc. 8) and a brief in support of said motions (doc. 10), to which the plaintiffs filed a response (doc. 11).

In reviewing a motion to dismiss, the court must "accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003).  A motion to dismiss is granted "only when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Sonyika*, 394 F.3d at 1338, citing *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th

Cir.2004)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  *See also Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir.1994)(stating that the court "must accept as true the facts stated in the complaint and all reasonable inferences therefrom").

Having considered said motions, brief in support of said motions, and plaintiffs' response, and taking the allegations of the complaint as true, the court finds as follows:

The individually named defendants, Jon Gardner, Greg Hayden, Christopher Hines and Chad Reinalda (the "individual defendants"), are all police officers for the defendant City of Huntsville, Alabama ("COH").  Plaintiffs were all present in the home of plaintiff Camilo Valladarez on September 5, 2006, when the individual defendants illegally entered that home.  Complaint, ¶ 16.  Plaintiffs assert that such entry was without any warrant or cause for warrantless entry, and such entry was without knocking.  Complaint, ¶¶ 16-19.  Minor plaintiff Oscar Valladarez was dragged from bed, beaten, handcuffed, dragged from the house, thrown to the ground in the front yard, and kicked.  Complaint, ¶¶ 22-23.  Santiago Valladarez, also a minor, was dragged from bed and beaten.  Complaint, ¶ 24.  Melany Valladarez, another minor, was elbowed in the mouth by individual defendant Gardner, causing the loss of a tooth and bleeding.  Complaint, ¶¶ 27-28.  Upon witnessing this, plaintiff

2

Camilo Valladarez, Melany's father, went to her assistance until individual defendants beat Camilo Valladarez with a nightstick, knocked him to the floor, then repeatedly kicked him in the head, arms and ribs until he was unconscious. Complaint, ¶¶ 29-32.  Plaintiff Jorge Mojica was beaten, slammed down, punched in the stomach by the individual defendants, handcuffed and thrown down steps, landed on his face and elbow on a concrete surface, then dragged from the concrete by one of the individual defendants, who then placed his boot in such a manner as to keep this plaintiff's face pressed to the ground.   Complaint, ¶¶ 35-37.   Plaintiff Jose Valladarez was punched in the face, handcuffed, thrown to the ground, and then one of the individual defendants placed his boot on this plaintiff's face, smashing it into the ground.  Complaint, ¶¶ 38-39.

Plaintiff Jose Valladarez was arrested for failing to appear on a traffic ticket and for disturbing the peace; plaintiff Camilo Valldarez was arrested and charged with resisting arrest; and plaintiff Jorge Mojica was arrested and charged with disorderly conduct.  Complaint, ¶¶ 41-44.  All of these charges were nol prossed the following day.  Complaint, ¶¶  42-44.

Based on these circumstances, the plaintiffs filed this action pursuant to 42 U.S.C. § 1983 for violation of their Constitutional rights as applied through the 14th Amendment, and state law claims.

3

**Eighth Amendment Claims:**

The defendants correctly assert that the plaintiffs cannot maintain an action pursuant to the Eighth Amendment as the plaintiffs were never post-trial detainees. The law is clear that the Eighth Amendment does not apply to pre-trial detainees. *See e.g., Ingraham v. Wright,* 430 U.S. 651, 671 n. 40 (1977); *Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1024 n. 5 (11th Cir.2001). The court therefore will grant the defendants' motions to dismiss all claims stated under the Eighth Amendment.

**Fourteenth Amendment Claims:**

The defendants also seek to have the plaintiffs' Fourteenth Amendment claims for excessive force, false arrest, false imprisonment, unlawful search, and malicious prosecution dismissed based on the assertion that the Fourth Amendment is the proper vehicle for claims of excessive force. Defendants' brief, at 6-10. However, "[b]y its own terms, the fourth amendment protects the citizenry only against unlawful actions by federal officials; the due process clause of the fourteenth amendment to the Constitution, however, incorporates the guarantees of the fourth amendment with regard to unlawful actions by state and municipal actors." *Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1548 n. 4 (11th Cir.1989); citing *Wolf v. Colorado*, 338 U.S. 25, 27-28, 69 S.Ct. 1359, 1361, 93 L.Ed. 1782 (1949). As such, the court is of the opinion that the defendants' motions to dismiss the plaintiffs' Fourteenth Amendment

4

claims are due to be denied.[1]

**§ 1983 Claims against COH:**

The defendants further seek to have the plaintiffs' § 1983 claims against defendant COH dismissed to the extent those claims are predicated upon improper training or supervision.  The plaintiffs allege that since August 29, 2005, when a COH police officer was killed in the line of duty, the COH police force as a whole has treated members of the Huntsville Hispanic community improperly, including cursing, racial slurs, using improper force, and improperly arresting Hispanic individuals.  Complaint, ¶¶ 60-62.  Plaintiffs allege the improper actions of COH officers occur with such frequency that COH is on notice of the need to take corrective actions.  Complaint, ¶ 63.

When a § 1983 claim is asserted against a municipality, the court must examine two different issues: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation." *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 120, 112 S.Ct. 1061, 1066; 117 L.Ed.2d 261 (1992).  COH is correct that it cannot be held liable for alleged violation of the plaintiffs' civil rights based solely on the theory of *respondeat superior*.  A

---

[1]In contrast to the cases cited by the defendants, the plaintiffs here do not appear to be attempting to state a separate due process claim for violation of their rights under the Fourteenth Amendment.

municipality may not be held liable solely because it employs a tortfeasor – in other words, *respondeat superior* liability will not attach under § 1983. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989). Rather, to establish liability against the defendant City, the plaintiffs must demonstrate an official custom or policy which causes the constitutional violation. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2036-37, 56 L.Ed.2d 611 (1978); *Collins*, 503 U.S. at 120-121, 112 S.Ct. at 1066. These policies may be set by the government's lawmakers, "or by those whose edicts or acts may fairly be said to represent official policy." *McMillian v. Monroe County, Ala*. 520 U.S. 781, 784-785, 117 S.Ct. 1734, 1736 (1997).

The failure to properly train or supervise its officers, without more, is insufficient for liability. The plaintiffs must show instead that policy or custom of failing to properly train or supervise its officers caused the violation of their rights. *City of Canton, Ohio v. Harris*, 489 U.S. at 389-91, 109 S.Ct. 1197; *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). "There are 'limited circumstances' in which a local government will be held liable because it inadequately trained or supervised its employees, who then infringed upon a plaintiff's constitutional rights." *Thomas v. Roberts*, 261 F.3d 1160, 1173 (11th Cir. 2001). To prevail on such a claim, a plaintiff must show:

6

(1) his constitutional rights were violated, (2) the municipality had a custom or policy that constituted deliberate indifference to his constitutional rights, and (3) the policy or custom *caused* the violation of his constitutional rights. *McDowell v. Brown,* 392 F.3d 1283, 1289 (11th Cir.2004). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Cooper v. Dillon,* 403 F.3d 1208, 1221 (11th Cir.2005). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.*

"In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." *McDowell,* 392 F.3d at 1290. And "state and local positive law determine whether a particular official has final policymaker authority for § 1983 purposes." *Cooper,* 403 F.3d at 1221 (quotation marks omitted).

*Ludaway v. City of Jacksonville, Florida,* 2007 WL 2455348, *2 (11th Cir.2007).

In the facts before this court, which at this stage of the pleadings the court must take as true, the plaintiffs allege COH officers regularly target Hispanics with the use of improper force and improper arrest. The plaintiffs allege that such actions occur on a basis frequent enough that COH is on notice of these constitutional violations. While the court agrees with the defendants that the plaintiffs' allegations are sparse, the court disagrees that the same are so deficient as to require dismissal at this time.[2] The court shall therefore deny defendant COH's motion to dismiss the plaintiffs' § 1983 claim against the city in Count II of the complaint.

---

[2]The court notes that without supplementation, these allegations would be subject to dismissal upon an appropriate motion for summary judgment. On a motion to dismiss however, the court considers only the pleadings and not whether any evidence supports the same.

**State Law Claims against COH:**

The plaintiffs also assert state law claims against COH on a theory of *respondeat superior*. Pursuant to § 11-47-190, *Alabama Code 1975*, as amended, tort claims against a municipality may only be brought when they are the result of "neglect, carelessness, or unskillfullness of some agent, officer, or employee of a municipality engaged in work therefore and while acting in the line and scope of his or her duty." Ala.Code § 11-47-190. Only in Count V of the complaint, in a claim for assault and battery, do the plaintiffs assert that such tort by the individual defendants was "negligently, carelessly, unskillfully, recklessly, wantonly, and/or willfully committed..." Complaint, ¶ 72. The court shall therefore dismiss Counts III and IV against COH.

**Punitive Damages:**

COH further asserts that punitive damages are not recoverable against it. In their complaint, the plaintiffs specifically state "[u]nder Section 1983, the Plaintiffs are not seeking punitive damages against the City of Huntsville." Complaint, ¶ 67. Again in their response, the plaintiffs state "[t]he plaintiffs were not seeking punitive damages against Huntsville." Response, at 4. The court therefore finds this portion of defendant COH's motion to dismiss to be moot.

Having considered the foregoing, and being of the opinion that the defendants'

motions to dismiss are due to be granted in part and denied in part, the court **ORDERS** as follows:

The defendants' motions to dismiss all claims stated under the Eighth Amendment are **GRANTED**.

The defendants' motions to dismiss the plaintiffs' Fourteenth Amendment claims are **DENIED**.

Defendant COH's motion to dismiss the plaintiffs' § 1983 claim against the city in Count II of the complaint is **DENIED**.

Defendant COH's motion to dismiss Counts III and IV as against COH only is **GRANTED**.

Defendant COH's motion to dismiss the plaintiffs' claim for punitive damages is found to be **MOOT**.

**DONE** and **ORDERED** this the 5th day of November, 2007.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE